UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRUNDLE & CO. PENSION PLAN, and
CARIN TRUNDLE, as Trustee, suing Derivatively,
and on behalf of the TRUNDLE & CO. PENSION
PLAN, and CARIN TRUNDLE Individually,

                    Plaintiffs,

        – against –

BARRY EMANUEL,

                    Defendant.

**OPINION AND ORDER**

18 Civ. 7290 (ER)

RAMOS, D.J.:

The Trundle & Co. Pension Plan (the "Plan") and Carin Trundle (collectively "Plaintiffs") move for reconsideration of the Court's July 23, 2020 Opinion and Order ("July 23 Opinion") denying with prejudice Plaintiffs' motion to amend the complaint. Doc. 25. Plaintiffs also request, for the third time, leave to amend the complaint. *Id*. For the reasons set forth below, Plaintiffs' motions for reconsideration and leave to amend are DENIED.

## I.    Background[1]

Trundle is an officer of the Trundle & Co. Inc., as well as an administrator and a trustee of the Plan. Trundle and Barry Emanuel were longtime business partners. Plaintiffs filed an amended complaint[2] against Defendant, also a trustee of the Plan, on June 25, 2018 in New York State Supreme Court based, *inter alia*, on a transaction between Defendant and the Plan which had occurred in 2003 and that had come to Trundle's attention while she was trying to close the

---

[1] These facts are gathered from Plaintiffs' amended verified complaint and proposed first amended complaint, Docs. 1-1 and 21-3, and the Court's previous opinions, Docs. 20 and 25, unless otherwise noted.

[2] Plaintiff amended the complaint at least once in state court. Doc. 35 at 2 n.1.

Plan in 2016. The 2003 transaction involved the transfer of $150,000 by Defendant to an Interest on Lawyer's Account ("IOLA") held by the firm Friedman, Krause & Zlotolow (the "Firm"). The Firm then transferred the $150,000 from the IOLA account to the East Hampton Indoor Tennis Club, LLC, in which Defendant and his family have an ownership interest. When Trundle discovered the 2003 transaction, she inquired about it with Defendants' personal attorneys and was told that the transfer was likely made as a loan to the Tennis Club.

Based on these transactions, Plaintiffs sued in state court alleging claims of declaratory judgment, breach of fiduciary duty, conversion, accounting, breach of covenant of good faith and fair dealing, breach of contract, and unjust enrichment against Defendant. Defendant removed the case to federal court on August 13, 2018 and moved to dismiss all of the claims as preempted under the Employee Retirement Income Security Act of 1974 ("ERISA") on October 5, 2018. Docs. 1; 13. In response, Plaintiffs requested leave to amend but failed to attach a proposed amended complaint. Doc. 16. On September 27, 2019, the Court granted Defendant's motion to dismiss and denied Plaintiffs' motion to amend without prejudice ("September 27 Opinion"). Doc. 20. While Plaintiffs had not alleged a fraud claim, Plaintiffs had argued that its claims were not barred by the applicable statute of limitations because of Defendant's fraudulent concealment. Doc. 16 at 14-15. The Court held that, while Plaintiffs had not sufficiently alleged fraudulent concealment, it was not "implausible" that Trundle could allege fraud in an amended complaint. *Id.* at 15.

Plaintiffs again moved to amend on October 31, 2019, attaching a proposed amended complaint adding new claims of economic duress and fraud. Docs. 21. For their fraud claim, Plaintiffs expanded their allegations regarding the 2003 transaction. Specifically, Plaintiffs now alleged that Defendant "knowingly and intentionally hid the forgoing transactions from Trundle"

2

and repeatedly referenced "Emanuel's representations" to Plaintiffs regarding the 2003 transaction were false. Plaintiffs also alleged that Defendant failed to keep records of the transaction.

Defendant opposed leave to amend based on ERISA preemption and failure to state a claim, specifically arguing that fraud was not pleaded with particularity. Doc. 24. Plaintiffs did not file a reply addressing either argument. In its July 23 Opinion, the Court granted Defendant's motion, dismissing the case with prejudice. The Court otherwise assumes the parties' familiarity with the facts and holdings in its September 27 and July 23 Opinions.

Thirty days later, on August 22, Plaintiffs requested reconsideration of the July 23 Opinion. Doc. 26. On August 23, Plaintiffs separately filed a notice of appeal. Doc. 27. On August 31, the Court set a briefing schedule for Plaintiffs' proposed reconsideration motion. Doc. 30. On September 9, Plaintiffs moved for reconsideration of dismissal of the fraud count for lack of particularity. Doc. 31. In the alternative, Plaintiffs requested leave to amend the complaint for a third time. *Id.* On September 14, Defendant opposed. Doc. 35.

## II.     Standards

### A.     Motion for Reconsideration

While Plaintiffs do not specify under which rule they move, they label their motion one for reconsideration which evokes three provisions: Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b). *Wallace Wood Props. v. Wood*, No. 14 Civ. 8579 (LTS), 2015 WL 7779282, at *1-2 & n.2 (S.D.N.Y. Dec. 2, 2015). All three rules "impose a high burden." *Id.* Ultimately, whether to grant or deny reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

3

### i. Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)

Local Civil Rule 6.3 provides that a motion for reconsideration or reargument "shall be served within fourteen (14) days" of the Court's entry of judgment. Rule 59(e) states that "[a] motion to alter or amend the judgment must be filed no later than 28 days after the entry of the judgment." Plaintiffs, having filed their first request to move to reconsider the July 23 Opinion on August 22 thirty days after entry of judgment, are time-barred under either rule and, the Court lacks jurisdiction to rule on Plaintiffs' motion under either rule. *Azkour v. Little Rest Twelve*, No. 10 Civ. 4132 (RJS), 2015 WL 1413620, at *1 (S.D.N.Y. Mar. 23, 2015) ("[W]here a notice of appeal has been filed and the Rule 59 motion is not timely, the court lacks the jurisdiction to consider the motion, because . . . the appeal is not held in abeyance by the circuit court pursuant to" Fed. R. App. P. 4(a)(4)(B)); Fed. R. App. P. 4(a)(4)(A)-(B) (listing motions which, if timely filed before a notice of appeal hold the notice in abeyance, and not including motions made under Local Civil Rule 6.3). For the reasons set forth *infra* Part III.A, however, the Court would deny Plaintiffs' motion under both rules even if it were properly before the Court.

With the exception of their limitations periods, "[t]he standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." *Sullivan v. New York City Dep't of Investigation*, No. 12 Civ. 2564 (TPG), 2016 WL 7106148, at *3 (S.D.N.Y. Dec. 6, 2016) (citing *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007)). "A motion for reconsideration or re-argument shall be granted only if the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns &*

4

*Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citation omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol*, 554 F. Supp. 2d at 500 (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

        ii.        **Fed. R. Civ. P. 60(b)**

A motion for relief from final judgment can be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Accordingly, to the extent Plaintiffs' motion was brought under Rule 60(b), it is timely. Moreover, because Plaintiffs filed their letter request for reconsideration *before* filing their notice of appeal, this Court maintains jurisdiction over the motion under Fed. R. App. P. 4(a)(4)(B)(i). *Leeber Realty LLC v. Trustco Bank*, 798 F. App'x 682, 687 (2d Cir. 2019) (citation omitted) ("Under Federal Rule of Appellate Procedure (4)(a)(4)(B)(i), a notice of appeal filed while a Rule 60(b) motion is outstanding in the district court becomes effective only once that motion is resolved."). As stated *infra* Part III.A, however, Plaintiffs have failed to meet Rule 60(b)'s standard for relief.

The Second Circuit has instructed that Rule 60(b) motions are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *U.S. v. Int'l Brotherhood of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). In pertinent part, Rule 60(b) provides for relief from judgment if there has been "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "Though Rule

5

60(b)(1) may provide relief from judicial mistake, it should not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Serrano v. Smith*, No. 05 Civ. 1849 (KTD), 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009) (citations omitted).  In addition, "Rule 60(b)(6) 'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986)).  "Relief is warranted 'where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served.'" *Id.* (quoting *Matarese*, 801 F.2d at 106).  A movant seeking relief from judgment bears the burden of proof on Rule 60(b) motions.  *Toppin v. Cnty. of Nassau*, --- F. App'x ---, 2020 WL 5739707, at *3 (2d Cir. Sept. 25, 2020) (citing *Int'l Brotherhood of Teamsters*, 247 F.3d at 391).

### B. Leave to Amend

Though a party seeking leave to amend following judgment must first have the judgment vacated or set aside under Rules 59(e) or 60(b), courts in this Circuit have held that "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citations omitted).  Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its complaint pursuant to the other party's written consent or the court's leave.  Fed. R. Civ. P. 15.  Under Section 15(a)(2), a "court should freely give leave [to amend] when justice so requires."  Motions to amend are ultimately within the discretion of the district court judge, *Foman v. Davis*, 371 U.S. 178, 182 (1962), who may deny leave to amend for "'good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing

party.'" *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

An amendment to a pleading is futile, however, if the proposed claim would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). The Second Circuit has held that leave to amend may be denied on the basis of futility when it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) (citation omitted). In determining whether an amendment is futile, the court evaluates the amended complaint "through the prism of a Rule 12(b)(6) analysis." *Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006). Following this standard, the court accepts the Plaintiffs' factual allegations as true and draws reasonable inferences in favor of Plaintiffs. *Id.*

### III.   Discussion

#### A.   Motion for Reconsideration

The Court's July 23 Opinion denied leave to amend the complaint to add a cause of action for fraud, finding the claim was preempted by ERISA and, in any event, failed to state a claim. Doc. 25 at 11-13. Plaintiffs now argue, for the first time,[3] that their fraud claim was pleaded with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure, but do not challenge the Court's holding that the claim is ultimately preempted. Doc. 34. Because

---

[3] Plaintiffs argued in their opposition to Defendant's motion to dismiss that their claims were not barred by the applicable statutes of limitations given Defendant's fraudulent concealment, but had not otherwise raised a fraud claim or discussed Rule 9(b)'s requirements. Doc. 16 at 14-15.

7

Plaintiffs have failed to point to overlooked facts or law, mistake, exceptional circumstances, or undue hardship, their motion must be denied.

A plaintiff alleging a fraud claim must plead the following elements: "(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *Duran v. Henkel of Am., Inc.*, 450 F. Supp.3d 337, 353 (S.D.N.Y. 2020) (citation omitted). "If a plaintiff is proceeding under a material omission theory, it must further allege that the defendant had a duty to disclose material information." *First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*, 52 F. Supp. 3d 625, 637 (S.D.N.Y. 2014) (citation omitted). A duty to disclose arises when

> (1) the parties are in a fiduciary relationship;
> (2) under the special facts doctrine, where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge; or
> (3) where a party has made a partial or ambiguous statement, whose full meaning will only be made clear after complete disclosure.

*Id.* (citing *Aetna Cas. and Surety Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 582 (2d Cir. 2005)).

Rule 9(b) imposes a "higher pleading standard" for pleading fraud with particularity which mandates that the "'complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992) (citing *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)).

As the Court found in its July 23 Opinion, Plaintiffs' allegations of fraud are silent on key details under Rule 9(b). Plaintiffs broadly alleged that, in 2016, Trundle discovered that the 2003 transaction was an investment, gift or loan to the Tennis Club in 2016 rather than a

8

personal loan to Defendant, but never explained why she believed the 2003 transaction to have been a personal loan in the first instance. Doc. 21-3 at ¶ 26. Plaintiffs further alleged that Defendant took steps to conceal the 2003 transaction, including by not keeping records, and that they had relied upon Defendant's false representations about the 2003 transaction, but did not describe those steps or those representations with any greater particularity. Doc. 21-3 at ¶¶ 30-32, 34, 36, 39, 47, 50, 56. These allegations are thus devoid of the detail required under Rule 9(b). *Hesse v. Godiva Chocolatier, Inc.*, --- F. Supp. 3d ---, 2020 WL 2793014, at *11 (S.D.N.Y. May 29, 2020) (finding allegations that defendant "knew or recklessly disregarded the fact that Godiva Chocolates are not made in Belgium, and that it intended that Plaintiffs and other consumers rely on these representations and omissions . . . are insufficient . . . under Rule 9(b)").

Plaintiffs' attempt to recast their allegations as asserting material omissions for the first time in their motion for reconsideration is equally unpersuasive. A motion for reconsideration is not the place to raise new arguments that could have been raised in the first instance. *Luv n' Care, Ltd. v. Regent Baby Prods. Corp.*, 986 F. Supp. 2d 400, 412 (S.D.N.Y. 2013) ("[P]laintiffs may not use a motion for reconsideration to raise new arguments for the first time when they were free to raise them during the original briefing."). Plaintiffs cite no reason why they could not have raised these arguments in reply in support of their second motion for leave to amend. Moreover, Plaintiffs' allegations repeatedly referenced Defendant's false representations and "active efforts to conceal" the 2003 transaction, not passive omissions. Doc. 21-3 at ¶¶ 31-32, 36, 39, 47, 50. The only allegation Plaintiffs make that could be construed as an omission is that Defendant "failed to keep records which would have put Trundle on notice of the terms of" the 2003 transaction. *Id.* at ¶ 56. However, Plaintiffs never provided any further details on Defendant's lack of disclosure, or even alleged Defendant's duty to keep such records or

otherwise inform Plaintiffs of the 2003 transaction. *First Hill Partners, LLC*, 52 F. Supp. 3d at 637.

Finally, even if such a relationship is assumed based on Defendant's role as trustee of the Plan, and this omission were alleged with sufficient particularity, the claim would still be preempted by ERISA, a finding Plaintiffs do not dispute. Doc. 25 at 6-12; *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142-43 (1985) ("[T]he principal statutory duties imposed on the trustees relate to . . . the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest.").

Plaintiffs' motion for reconsideration is therefore denied.

### B. Leave to Amend

Because the Court denied Plaintiffs' motion for reconsideration, it also denies Plaintiffs' motion for leave to amend. *Ruotolo*, 514 F.3d at 191 (citations omitted) (noting judgment must be vacated before leave to amend is granted). It bears noting, however, that the Court was unable to "take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment" because, for the second time in this litigation, Plaintiffs have failed to attach a proposed pleading with its motion to amend. *Id.*; Doc. 20 at 16. This is now Plaintiffs' third attempt to amend their claims against Defendant in this Court, and the second time their claims have been dismissed as preempted by ERISA. The Court therefore denies Plaintiffs' motion for leave to amend the complaint.[4] *Neiman Marcus Grp., Inc. v. Dispatch Transp. Corp.*, No. 09 Civ. 6861 (NRB), 2011 WL 1142922, at *10 (S.D.N.Y. Mar. 17, 2011) (denying plaintiff's third request to amend because he "pointed to no new allegations that would

---

[4] Defendant's other arguments that leave to amend should be denied on the basis of releases executed by the parties or the running of the statutes of limitations on Plaintiffs' claims are rejected for the same reasons the Court rejected those same arguments in its September 27 Order. Doc. 20 at 14-15.

support a viable RICO claim" and "in light of the futility of an additional amendment and in light of [his] prior failure to cure the deficiencies in the complaint.").

## IV.   Conclusion

For all of these reasons, Plaintiffs' motions for reconsideration and leave to amend are DENIED.  The Clerk is respectfully directed to terminate the motion, Doc. 32.

It is SO ORDERED.

Dated:   October 6, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.